UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KEENAN A. DAVIS,

    Plaintiff,

    v.      CAUSE NO. 1:25-CV-221 DRL-SJF

THERESA SPRINGMANN *et al.*,

    Defendants.

## OPINION AND ORDER

Keenan A. Davis, a prisoner without a lawyer, filed a complaint. ECF 1. "Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Mr. Davis has filed suit against a federal judge, an United States attorney, and his public defender for events that occurred in 2016 during his federal criminal case, almost ten years ago. Even putting aside the tardiness of his claims, this lawsuit cannot proceed. Mr. Davis alleges he requested a speedy trial, but the Assistant United States Attorney (AUSA), Leslie Miller, filed a motion for a continuance "to find a witness." ECF 1 at 2. Judge Theresa Springmann granted the motion, and he was not tried until seven months later.[1] He claims his public defender, Thomas O'Malley, "agreed to this unjust act despite his acknowledgement that it was an unjust act." *Id*. He also complains that Mr. O'Malley forced and coerced him to proceed with a jury that "wasn't [his] peers." *Id*. He has sued for "maximum financial compensation" and the firing and imprisonment of the defendants. *Id*. at 4.

Mr. Davis has named Judge Springmann as a defendant, but absolute judicial immunity "shields judges from civil liability for their judicial actions." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1015 (7th Cir. 2000); *see also Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction."). "Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of [her] authority, . . . and even if [her] exercise of authority [was] flawed by the commission of grave procedural

---

[1] Mr. Davis was indicted on August 24, 2016, and he was found guilty of two counts of being a felon in possession of a firearm on February 24, 2017, following a jury trial. *See generally United States v. Davis*, cause no. 1:16-CV-055-HAB-SLC (N.D. Ind. Aug. 24, 2016). He was sentenced to a term of imprisonment of one-hundred (100) months as to Count One (1) and twenty-five (25) months as to Count Two (2), to be served concurrently. *Id*. Neither the conviction nor sentence has been overturned on appeal or post-conviction relief. *Id*.

errors." *Brokaw*, 235 F.3d at 1015 (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57, 359 (1978)). Of note, the rules regarding judicial immunity do not distinguish between lawsuits brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n.5 (1993).

In this case, Mr. Davis alleges only that Judge Springmann granted a request for a continuance and tried his federal criminal case approximately six months after he was indicted. These actions clearly fall within the scope of her judicial authority and are subject to immunity. *See e.g., John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) ("[A] judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity.")). Therefore, the claims against Judge Springmann must be dismissed.

As to AUSA Miller "[p]rosecutors enjoy absolute immunity from federal tort liability, including *Bivens* liability, for their work as prosecutors." *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 565 (7th Cir. 2022) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). Here, Mr. Davis alleges only that AUSA Miller requested a continuance for the purpose of finding a witness. These allegations don't suggest she did anything outside the scope of her role in prosecuting the case, so she is also immune from suit.

Finally, as to Public Defender O'Malley, Mr. Davis's unhappiness with his representation during his criminal case doesn't support a viable constitutional claim here. *See Polk County v. Dodson*, 454 U.S. 312, 325, n.18 (1981) (prisoners claiming wrongful incarceration due to ineffective assistance of counsel may be able to proceed under tort

3

law or habeas corpus proceedings, but such claims are not actionable under civil rights laws); *Walton v. Neslund*, 248 Fed. Appx. 733, 733–34 (7th Cir. 2007) (affirming dismissal of federal claim related to attorney incompetence as "patently frivolous"). Moreover, "defense attorneys—even those appointed by the court—are not state actors or federal officers amenable to suit under § 1983 or *Bivens* when performing their traditional functions." *Saso v. Skaggs*, No. 25-CV-00102-JPG, 2025 WL 958318, 2 (S.D. Ill. Mar. 31, 2025) (citing *Polk,* 454 U.S. at 325 ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel") and *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy [to *Polk*], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action.")). Accordingly, the claims Public Defender O'Malley must be dismissed as well.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint fails to state any claims and because it sues immune defendants.

SO ORDERED.

May 29, 2025                              *s/ Damon R. Leichty*
                                          Judge, United States District Court